W. W. KIMBALL COMPANY, Appellant; vs. HUNTINGTON and wife, Respondents.

*September 29 — October 20, 1891.*

*(1, 2) New trial: Stipulation: Negligent omission of attorney: Laches.
(3) Chattel mortgages: Waiver of forfeiture: Sale to* bona fide *purchaser.*

1. In replevin, the controlling question was whether the defendant had purchased the property in good faith without notice of plaintiff's mortgage, the filing of which had become inoperative. The defendant directed her attorney to state in the stipulation upon which the

case was to be tried the fact that she so purchased without notice. *Held,* that the negligent omission of the attorney to have that fact stated in the stipulation was a sufficient ground for granting a new trial.

2. The failure of the defendant to discover such omission during the year and a half which elapsed between the filing of the stipulation and the trial, she having trusted to her attorney, was not such laches as should defeat her motion for a new trial. .

3. Acquiescence by the mortgagee of chattels in the continued possession of the mortgagor after default, is a waiver of the strict legal forfeiture, and if the mortgagor thereafter sells the property to a *bona fide* purchaser having no notice, actual or constructive, of the mortgage, the mortgagee cannot recover it.

APPEAL from the Circuit Court for *Pepin* County.

The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Teall, James & Teall,* and oral argument by *F. A. Teall.* They contended, *inter alia,* that reciprocal admissions having been made, the defendant was bound by the stipulation, in the absence of fraud or gross mistake. 1 Greenl. Evi. 186; 1 Am. & Eng. Ency. of Law, 955; 2 Whart. Evi. 1184; *Hefferman v. Burt,* 7 Iowa, 320; *Wilson v. Spring,* 64 Ill. 14. It was error to grant a new trial because of the admitted mistakes and carelessness of defendants and defendants' counsel. 1 Graham & W. New Trials, 196; *Wilson v. Plank,* 41 Wis. 94; *Herman v. Mason,* 37 id. 273; *Morgan v. Abbey,* 63 Cal. 56; *Hatfield v. Macy,* 52 How. Pr. 193; *Davis v. Ruggles,* 2 Pin. 478; *Northampton Nat. Bank v. Kidder,* 50 N. Y. Super. Ct. 246; *Bond v. Cutler,* 7 Mass. 206; *Cook v. Berry,* 1 Wils. 98.

For the respondents there was a brief by *John Fraser,* attorney, and *T. F. Frawley,* of counsel, and the cause was argued orally by *J. M. Olin.*

ORTON, J. This is an action of replevin to recover a piano of the value of about $300 from the possession of the defendants, who were husband and wife. The facts were that

one Stewart owned the piano, and mortgaged it to the plaintiff corporation to secure the sum of $325 in instalments, and then sold it to the respondent *W. H. Huntington* for the sum of $300. The mortgage was duly filed, but the filing was not renewed according to the statute until after the expiration of two years, and therefore ceased to be valid against a *bona fide* purchaser for a valuable consideration. After the expiration of said two years the respondent *W. H. Huntington* sold the piano to his wife, *Jane*, the other respondent, for the sum of $275 paid down, and delivered it to her, and it was in her possession when this action was commenced. There was a stipulation of the above facts, signed by the respective counsel, on which the case was tried. The court found and rendered judgment against the defendants on the ground that the stipulation failed to state that the defendant *Jane Huntington* purchased the piano as above stated, in good faith, or without notice of the said mortgage. Thereupon the defendants made a motion for a new trial, based on their affidavits that said *Jane* had no notice or knowledge of said mortgage before her said purchase, and that they would prove said fact on another trial. The said *Jane*, in her affidavit, stated the further fact that she told John Fraser, Esq., her attorney, that such was the fact, and directed him to put such fact in said stipulation, and never authorized him to enter into a stipulation of the facts without the statement of such fact. There was also the affidavit of the said Fraser that the said *Jane* stated to him the fact that she had no notice of said mortgage before she purchased the piano, to be stated in the stipulation, but that he had forgotten it, or failed, carelessly, to have it so stated in the stipulation by mere mistake. On these affidavits the court granted a new trial, and this appeal is taken from said order.

1. The learned counsel of the appellant contend, and cite several authorities to that effect, that where reciprocal ad-

missions are so made, on which the case is to be tried, and to dispense with formal proof of the facts, such admissions are conclusive on the parties "in the absence of fraud *or gross mistake.*" But this was *a gross mistake.* I can think of no mistake of an attorney any more gross than to omit such an important and essential fact from a stipulation on which the case was to be tried and upon which it depended, after specific instruction of his client to state it in the stipulation. It would seem to be gross injustice not to relieve the party from the consequences of such a mistake of her counsel.

2. It is further contended by the learned counsel, and authorities cited to the proposition, that the said defendant *Jane Huntington* was guilty of gross laches in not having this mistake corrected before the trial, when she ought to have become aware of it during the year and a half since the stipulation had been on file. But she stated in her affidavit that she had not observed or become aware of it until the case was decided, and did not know what was in the stipulation until that time. She most certainly had a right to rely upon the care and fidelity of her attorney in obeying her instructions to insert such an important fact in the stipulation. She had no reason to suspect that such an omission had been made, and had no occasion to examine the stipulation to ascertain it. Her attorney had assured her that he would have all the facts set forth in the stipulation, or he would not stipulate at all, and she trusted him to do so, and supposed he had done so until it was disclosed by the decision of the court.

3. The learned counsel contend, further, that the property in the piano became absolute in the appellant, as mortgagee, on the failure to pay or redeem, and that, therefore, at the time of the purchase, the mortgagor or his vendee had no property in it to sell. That would probably be so if the appellant had reduced the property to its possession

on forfeiture or failure to pay the mortgage, but otherwise when it has permitted the possession to remain in the mortgagor until he had sold it to a *bona fide* purchaser. The appellant's acquiescence in the continued possession of the mortgagor or his vendee, without any assertion of his right under the forfeiture, is a waiver of the strict legal forfeiture, and the mortgagor or his vendee may sell the property subject to the mortgage or redeem; and if, as in this case, the sale is made for a valuable consideration, to a person who purchases having no notice of the mortgage, either actual or constructive, or *bona fide,* the mortgagee cannot recover it. *Musgat v. Pumpelly,* 46 Wis. 660. The failure to refile the mortgage on affidavit of nonpayment, according to sec. 2315, R. S., within thirty days preceding the expiration of two years after the first filing, renders the mortgage invalid against purchasers in good faith. It follows, therefore, if the respondent *Jane Huntington* shall prove on another trial the fact that she had no notice of the mortgage, and that she paid the consideration of $275 for the piano to her husband, and the possession was delivered to her, she will be entitled to recover.

We think that the court not only did not abuse its discretion, but did an act of great and signal justice, in granting the new trial.

*By the Court.*— The order of the circuit court is affirmed.